

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Opinion No. O-6913

Re: Whether the "left hip" and
"left hip bone" constitute
the same portion of an ani-
mal for the purpose of reg-
istration of brands.

Dear Sir:

We have received your letter of October 30, 1945,
which is quoted below:

"A short time ago one of the residents of this
county who, for the purposes of this letter, I
shall designate as 'A', filed with the County
Clerk of this county an application for registra-
tion of a cattle brand, in which the brand was
designated as an 'O' to be placed on the left side.
There were also, in connection with the brand, cer-
tain earmarks.

"Because of the fact that no specific portion
of the animal was designated upon which to place
the brand, other than 'the left side', the County
Clerk wrote 'A' and advised him that he should
designate a specific portion of the animal upon
which the mark or brand should be placed.

"Two days later, 'B' filed an application with
the County Clerk for registration of a brand and
earmarks, the brand being an 'O' to be placed on

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. T. Graham - Page 2

'the left hip bone'.

"The following day the County Clerk received a reply from his letter to 'A', in which reply, 'A' designated 'the left hip' of the animal as the portion of the animal upon which to place the brand.

"The County Clerk recorded the brand of 'A', and has so far withheld from registration the application of 'B' for registration of his brand, and he has referred the matter to me for advice as to whether or not he should record 'B's' brand.

"I have before me Opinion No. O-1114 written by the Office of the Attorney General and approved under date of November 1st, 1939, during the tenure of office of Gerald C. Mann.

"I have read the various statutes relative to registration of brands on livestock, and while it is clear from the statutes and the decisions construing the statutes that the County Clerk shall not record and register two identical brands, and while it is also clear that the same markings or characters constituting brands, may be actually separate brands when or if located on different parts of an animal, I have not been able to find a decision which definitely would settle the question presented to the County Clerk. I am of the opinion that an 'O' to be placed upon 'the left hip' of the animal is the same brand as an 'O' to be placed on 'the left hip bone'; in other words, it appears to me that the left hip and the left hip bone, for branding purposes, should and probably would be by the Courts construed to be the same part of an animal. 'B', however, insists that among cattle breeders and raisers that for branding purposes, the left hip bone is an entirely separate and distinct portion of the animal from the left hip.

"Both 'A' and 'B' appear to have been using
the brands that they are now seeking to register
for a number of years, and since 'B' is so in-
sistent that the left hip bone is a separate and
distinct portion of the animal for branding pur-
poses from the left hip, and since I have not been
able to locate any decisions or opinions from your
department that seem to answer this question, I
would appreciate your advice in the matter."

The pertinent and controlling parts of the civil
statutes relative to your inquiry are set out below:

"Article 6890. Every person who has cattle,
. . . shall have an ear mark and a brand differ-
ing from the ear mark and brand of his neighbors,
which ear mark and brand shall be recorded by the
county clerk of the county where such animals
shall be . . . " (Acts 1848, p. 156)

"Article 6899 . . . . . Any person may record
such brand and/or mark as he may desire to use
provided no other person has recorded such brand
and/or mark . . ." (Acts 1943, 48th Leg., p. 471,
Ch. 315)

In addition to the above, Article 1486 of the Penal
Code of Texas places a fine upon a County Clerk who records
a brand when the person having same recorded fails to de-
signate the part of the animal upon which the same is to
be placed.

The former opinion of this Department No. O-1114,
to which you refer, holds that it is possible for two
persons to have the same figure as a brand, but only if
they place the brand at a distinctly different place on
the animal's body.

Honorable F. T. Graham - Page 4

We are not concerned here with the precise anatomy of a cow, but rather with a law designed to provide a practical and orderly means of identification of stock for cattlemen. It is our belief that the County Clerk is legally justified in withholding from registration and refusing to register a brand which, under the circumstances stated, is requested to be placed in such proximity to the position of another identical registered brand that it is confusing and defeats the very purpose of the law. Since the number of possible combinations of symbols, letters and figures which may be adopted as a brand are virtually inexhaustible, it would appear that no hardship will be worked by the Clerk's action.

Assuming that the Clerk has legally registered a brand of "O" to be placed on "the left hip", it is our conclusion that he is justified in refusing to register that identical brand for "the left hip bone".

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By  *Eugene Alvis*
      Eugene Alvis
      Assistant

*Jack K. Ayer*
Jack K. Ayer

JKA:gb


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN